1  RONALD A. PETERS, Bar No. 169895
   LITTLER MENDELSON
2  A Professional Corporation
   50 West San Fernando Street
3  15th Floor
   San Jose, CA 95113.2303
4  Telephone:    408.998.4150
   Facsimile:    408.288.5686
5  E-Mail: rpeters@littler.com

6  Attorneys for Defendants
   OLD OAK BOTTLE SHOP; RADHAKA HAZRA;
7  DALIA HAZRA; SAJAL KUMAR KONDU

                                    FILED

                         ADR        2008 JUN -3 P 12: 01

                                    RICHARD W. WIEKING
                                    CLERK
                                    U.S. DISTRICT COURT
                                    NO. DIST. OF CA. S.J.

                         E-FILING

                                         Feelaed
                                            (8)
                                           NP

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11  JAGDISH SINGH;                 C08   02760        HRL

12             Plaintiff,          NOTICE OF FILING REMOVAL

13      v.

14  OLD OAK BOTTLE SHOP; RADHAKA
15  HAZRA; DALIA HAZRA; SAJAL
    KUMAR KONDU; AS INDIVIDUALS,
16  AND DOES 1-20;

17             Defendants.

18

19      TO PLAINTIFF, AND HIS ATTORNEY OF RECORD, ROBERT DAVID BAKER, ESQ.

20      NOTICE IS HEREBY GIVEN that OLD OAK BOTTLE SHOP; RADHAKA HAZRA;

21  DALIA HAZRA and SAJAL KUMAR KONDU; Defendants in Action No., 1-08-CV-104656

22  Superior Court of the State of California, County of Santa Clara, have filed in the United States

23  District Court, Northern District of California, San Jose Division, a Notice of Removal of Civil

24  Action pursuant to 28 U.S.C. sections 1441 and 1446.

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(B) (FEDERAL QUESTION)

1    Dated: June 2, 2008

2

3                                          RONALD A. PETERS
                                           LITTLER MENDELSON
4                                          A Professional Corporation
                                           Attorneys for Defendants
5                                          OLD OAK BOTTLE SHOP; RADHAKA
                                           HAZRA; DALIA HAZRA; SAJAL KUMAR
6                                          KONDU

7

8    Firmwide:85404057.1 051663.1000

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113-2303
408.998.4150

2.

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(B) (FEDERAL QUESTION)**

1   RONALD A. PETERS, Bar No. 169895
    LITTLER MENDELSON
2   A Professional Corporation
    50 West San Fernando Street
3   15th Floor
    San Jose, CA 95113.2303
4   Telephone:   408.998.4150
    Facsimile:   408.288.5686
5   E-Mail: rpeters@littler.com

6   Attorneys for Defendants
    OLD OAK BOTTLE SHOP; RADHAKA HAZRA;
7   DALIA HAZRA; SAJAL KUMAR KONDU

M. Rosales

8

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF SANTA CLARA

11   JAGDISH SINGH;                          Case No. 1-08-CV-104656

12              Plaintiff,                    **NOTICE TO STATE COURT AND
                                              ADVERSE PARTY OF REMOVAL OF
13       v.                                   CIVIL ACTION TO FEDERAL COURT
                                              PURSUANT TO 28 U.S.C. § 1441(B)
14   OLD OAK BOTTLE SHOP; RADHAKA             (FEDERAL QUESTION)**
     HAZRA; DALIA HAZRA; SAJAL
15   KUMAR KONDU; AS INDIVIDUALS,
     AND DOES 1-20;
16
                Defendants.
17

18        TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF AND HIS

19   ATTORNEY OF RECORD, ROBERT DAVID BAKER, ESQ.

20        PLEASE TAKE NOTICE that Defendants OLD OAK BOTTLE SHOP; RADHAKA

21   HAZRA; DALIA HAZRA; SAJAL KUMAR KONDU (hereafter "Defendants"), filed on January

22   31, 2008, a Notice of Removal of Civil Action in the office of the Clerk of the United States District

23   Court for the Northern District of California, San Jose Division, pursuant to 28 U.S.C. sections 1331,

24   1441 and 1446.  A copy of said Notice of Removal of Civil Action and its accompanying exhibits

25   are attached as Exhibit A.

26        PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. section 1446, the

27   filing of said Notice of Removal of action in federal court, together with the filing of a copy of said

28

1  Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court with the Clerk

2  of this state court, effects the removal of this action, and the state court may therefore proceed no

3  further unless and until the case is remanded..

4

5  Dated: June 2, 2008

6

7

8  RONALD A. PETERS
   LITTLER MENDELSON

9  A Professional Corporation
   Attorneys for Defendants

10 OLD OAK BOTTLE SHOP; RADHAKA
   HAZRA; DALIA HAZRA; SAJAL KUMAR
   KONDU

11

Firmwide:85403817.1 051663.1000

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE BY MAIL

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 West San Fernando Street, 15th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On June 2, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

> NOTICE OF STATE COURT AND ADVERSE PARTY OF THE    M. Rosales
> REMOVAL OF CIVIL ACTION TO FEDERAL COURT
> PURSUANT TO 28 U.S.C. § 1441(B) (FEDERAL QUESTION)

in a sealed envelope, postage fully paid, addressed as follows:

> Robert David Baker, Esq.
> Robert David Baker, Inc.
> 1611 The Alameda
> San Jose, CA 95126

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 2, 2008, at San Jose, California.

Pauline R. Lopez

Firmwide:85405621.1 051663.1000

1   RONALD A. PETERS, Bar No. 169895
    LITTLER MENDELSON
2   A Professional Corporation
    50 West San Fernando Street
3   15th Floor
    San Jose, CA 95113.2303
4   Telephone:    408.998.4150
    Facsimile:    408.288.5686
5   E-Mail: rpeters@littler.com

6
    Attorneys for Defendants
7   OLD OAK BOTTLE SHOP; RADHAKA HAZRA;
    DALIA HAZRA; SAJAL KUMAR KONDU
8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                       SAN JOSE DIVISION

12  JAGDISH SINGH;                          Case No.

13           Plaintiff,                     **NOTICE OF REMOVAL OF ACTION
                                            PURSUANT TO 28 U.S.C. § 1441(B)**
14      v.                                  **(FEDERAL QUESTION)**

15  OLD OAK BOTTLE SHOP; RADHAKA
    HAZRA; DALIA HAZRA; SAJAL
16  KUMAR KONDU; AS INDIVIDUALS,
    AND DOES 1-20;
17
             Defendants.
18

19

20          TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21          PLEASE TAKE NOTICE that Defendants OLD OAK BOTTLE SHOP; RADHAKA

22  HAZRA; DALIA HAZRA and SAJAL KUMAR KONDU ("Defendants"), hereby jointly remove to

23  this Court the state court action described below:

24          1.    On or about January 31, 2008, a civil action was commenced in the Superior

25  Court of the State of California in and for the County of Santa Clara, entitled *Jagdish Singh v. Old*

26  *Oak Bottle Shop; Radhaka Hazra, Dalia Hazra and Sahal Kumar Kondu as Individuals and Does 1-*

27  *20, inclusive,* designated as case number 1-08-CV-104656, a copy of which is attached hereto as

28  **Exhibit 1**.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998 4150

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(B) (FEDERAL QUESTION)

1    2.    The Complaint was first served on Defendants on or about May 4, 2008. This

2    Notice of Removal is being filed within thirty days of the earliest service date, as required by 28

3    U.S.C. § 1446(b).

4    3.    Defendants OLD OAK BOTTLE SHOP; RADHAKA HAZRA; DALIA

5    HAZRA and SAJAL KUMAR KONDU filed a General Denial and Affirmative Defenses to

6    Plaintiff's' Complaint with the Santa Clara County Superior Court on Friday, June 2, 2008. A copy

7    of Defendants' General Denial and Affirmative Defenses is attached hereto as **Exhibit 2**. This

8    document, together with Exhibit 1, represents the entire state court file in this matter.

9    4.    **Jurisdiction**: This action is a civil action of which this Court has original

10   jurisdiction under 28 U.S.C. section 1331, and is one that may be removed to this Court by

11   Defendants pursuant to the provisions of 28 U.S.C. section 1441(b). Specifically, Plaintiff's Fourth

12   Cause of Action for Non-Payment of Wages On Regular Pay Periods pursuant to FLSA 20 U.S.C.

13   Section 201 *et seq.* so that Plaintiff's Complaint states claims under federal law.

14   5.    Even if the Court does not have original jurisdiction over one or more of

15   Plaintiff's other causes of action asserted in the Complaint, any such cause of action is

16   transactionally related to Plaintiff's Fourth Cause of Action over which this Court does have original

17   jurisdiction.    Thus, any such cause of action is also removable and subject to this Court's

18   supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a) and 1441(c).

19   6.    By the filing of this Notice of Removal, Defendants OLD OAK BOTTLE

20   SHOP; RADHAKA HAZRA; DALIA HAZRA and SAJAL KUMAR do not waive, and hereby

21   expressly reserve, their respective rights to assert any substantive or procedural defenses which may

22   apply to the causes of action alleged by Plaintiffs in the Complaint.

23   7.    **Intradistrict Assignment**:    Pursuant to 28 U.S.C. § 1441(a) and Northern

24   District Local Rules 3-2(c) and (e), this matter is properly assigned to the San Jose Division because

25   the actions that allegedly give rise to Defendants' liability all occurred in Santa Clara County.

26   (a)    Santa Clara County is located within the jurisdiction of the United

27   States District Court for the Northern District of California, and therefore, the San Jose Division of

28   this Court is the proper venue for the removal of the State Court Action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

2.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(B) (FEDERAL QUESTION)

1          (b)     To Defendants' knowledge there are no Doe defendants.  However,

2  assuming the existence of any, they are and would be fictitious defendants and are not parties to this

3  action.  Unnamed defendants sued as Does also are not required to join in a removal petition, and

4  their citizenship is disregarded for purposes of removal.  28 U.S.C. § 1441(a); *Fristos v. Reynolds*

5  *Metal Company*, 615 F.2d 1209, 1213 (9th Cir. 1980).

6          12.    For all of the foregoing reasons, the State Court Action is removable to this

7  Court under 28 U.S.C. §§ 1331 and 1441(b).

8          WHEREFORE, Defendants now pray that the above action now pending against

9  Defendants in the Superior Court for the State of California, County of Santa Clara, Case No. 1-08-

10  CV-104656, be removed therefrom to this Court.

Dated: June 2, 2008

RONALD A. PETERS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
OLD OAK BOTTLE SHOP; RADHAKA
HAZRA; DALIA HAZRA; SAJAL KUMAR
KONDU

Firmwide:85403717.1 051663.1000

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(B) (FEDERAL QUESTION)

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
OLD OAK BOTTLE SHOP; RADHAKANTA HAZRA; DALIA HAZRA;
SAJAL KUKMAR KONDU; AS INDIVIDUALS; DOES 1-20

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

(ENDORSED)
FILED

JAN 31 08

KIRI TORRE Nguyen
CHIEF EXEC. OFFICER/CLERK
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
Y_____ DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAGDISH SINGH

You have 30 **CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you.   Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SANTA CLARA COUNTY SUPERIOR COURT
191 NORTH FIRST STREET

SAN JOSE, CA  95113
SANTA CLARA COUNTY SUPERIOR COURT

**CASE NUMBER:** *(Número del Caso):* **08 CV 104656**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ROBERT DAVID BAKER, ESQ. #87314          408 292-8555    408 292-0703
ROBERT DAVID BAKER, INC.
1611 THE ALAMEDA
SAN JOSE, CA  95126

DATE: JANUARY 30, 2008    **Kiri Torre**    Clerk, by _____J. Cao-Nguyen_____ , Deputy
*(Fecha)*    **JAN 3 1 2008**    Chief Executive Officer/Clerk *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465



1   Law Offices of Robert David Baker
    Robert David Baker, Esq. (87314)
2   1611 The Alameda
    San Jose, CA 95126
3   (408) 292-8555
    Facsimile: (408) 292-0703
4
    Attorney for Plaintiff
5   JAGDISH SINGH

6              IN THE SUPERIOR COURT OF CALIFORNIA

7            IN AND FOR THE COUNTY OF SANTA CLARA

8   JAGDISH SINGH;                  CASE NO. 1 0 8 C V 1 0 4 6 5 6

9              Plaintiff,

10                                  COMPLAINT FOR DAMAGES

11             vs.

12  OLD OAK BOTTLE SHOP;
    RADHAKANTA HAZRA; DALIA HAZRA;
13  SAJAL KUMAR KONDU; AS
    INDIVIDUALS, AND DOES 1-20;
14
15             Defendants.

16

17                    **PRELIMINARY STATEMENT**

18
    1.   Plaintiff brings this action to require Defendants to pay overtime wages and wages for
19
         rest breaks, as provided by the California Labor Code and federal FLSA.
20
21                         **PARTIES**

22  2.   Defendant, Old Oak Bottle Shop, is a business, form unknown, operating with its

23       principal place of business in Santa Clara County, California. Radhakanta Hazra,

24       Dalia Hazra, and Sajal Kumar Kundu, are individuals and owners of Old Oak Bottle

25       Shop. Plaintiff is informed and believes that each individual defendant has personally

1    participated, directed and authorized the illegal conduct set forth hereinafter.    The

2    conduct of Radhakanta Hazra, Dalia Hazra, and Sajal Kumar Kundu was done in the

3    course and scope of their ownership of Old Oak Bottle Shop;

4    3.    Plaintiff is informed and believes that each Defendant is the agent and employee of

5    each remaining Defendant, and in doing the things hereinafter alleged, operated

6    within the scope of such agency and employment;

7    4.    Plaintiff is unaware of those Defendants sued as DOES 1-20.  When the names of

8    those DOE Defendants are ascertained, Plaintiff will amend this complaint to set forth

9    their true names and capacities.

10

11                                              **FACTS**

12    5.    Plaintiff Jagdish Singh was hired by Old Oak Bottle Shop, on or about November 8,

13    of 2004.  He quit his employment on January 27, 2006;

14    6.    From November 8, 2004, through the statutory period, Plaintiff worked in excess of 8

15    hours per day and 40 hours per week.  Plaintiff received no overtime compensation

16    for the overtime hours worked.  Plaintiff also received no meal and rest break during

17    this term of employment;

18    7.    Plaintiff has had pending with the State of California, Department of Industrial

19    Relations, from May 22, 2006, prior to the filing of this complaint, a claim for

20    overtime, wages, and meal and rest break compensation.  That period of time is tolled

21    from any statute of limitations;

22

23    8.    Defendants failed to pay Plaintiff wages upon his separation of employment from Old

24    Oak Bottle Shop;

25

**FIRST CAUSE OF ACTION**
**(Non-Payment of Overtime Wages – California)**
**(Labor Code §§ 510-558)**
**(As to All Defendants)**

9.  Plaintiff incorporates those paragraphs 1 through 8, inclusive, as if fully set forth hereinafter.

10. During the statutory period covered hereby, while Plaintiff was employed by Defendants, Plaintiff worked in a non-exempt occupation. Defendants knowingly caused, suffered, and permitted Plaintiff to work in excess of eight hours per day and forty hours per week without paying Plaintiff overtime wages according to California law. Defendants were fully aware of both the hours worked and duties assigned to Plaintiff and others similarly situated;

11. By not paying overtime wages in compliance with state law, Defendants violated Plaintiff's rights under the law, specifically, California Labor Code sections 510-558, 1194, et al., and applicable wage orders;

12. As a direct and proximate result of Defendants' failure to pay overtime wages under California law, Plaintiff has incurred damages in the form of loss of wages and bonuses;

13. The conduct of Defendants, and each of them, was willful, intentional, oppressive, fraudulent, and done without regard to the rights of Plaintiff. Therefore, Plaintiff is entitled to an award of exemplary damages;

THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER

1

2

3

**SECOND CAUSE OF ACTION**
**(Non-Payment of Wages On Regular Pay Periods– California)**
**(Labor Code §203, 204)**
**(As to All Defendants)**

4

5

14.   Plaintiff incorporates those paragraphs 1 through 13, inclusive, as if fully set forth hereinafter.

6

7

8

9

10

15.   During the statutory period, Defendants knowingly caused, suffered, and permitted Plaintiff to work without paying Plaintiff the agreed upon earned compensation and bonuses at regular and routine pay periods and upon separation of employment, in violation of California Labor Code § 204;

11

12

13

16.   As a direct and proximate result of Defendants' failure to pay wages under California law on regular and routine pay periods and at separation of employment, Plaintiff has incurred special damages in the form of loss of wages;

14

15

17.   As a direct and proximate result of the violation of California Labor Code § 204, Plaintiff is entitled to interest and penalties as set forth in the California Labor Code;

16

17

18

18.   The conduct of Defendants, and each of them, was willful, intentional, oppressive, fraudulent, and done without regard to the rights of Plaintiff. Therefore, Plaintiff is entitled to an award of exemplary damages;

19

20

THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER

21

22

23

**THIRD CAUSE OF ACTION**
**(Non-Payment of Overtime Wages – Federal)**
**(29 U.S.C. §201 *et seq.*)**
**(As to All Defendants)**

24

25

19.   Plaintiff incorporates those paragraphs 1 through 18, inclusive, as if fully set forth

1    hereinafter.

2    20.   At all times hereinafter alleged, Plaintiff and others similarly situated were employed

3          by Defendants within the meaning of the FLSA, 29 U.S.C. §203(d);

4    21.   At all times hereinafter alleged, Plaintiff and others similarly situated were employed

5          by Defendants, within the meaning of the FLSA, 29 U.S.C. §203(d). Plaintiff is

6          informed and believe that each of these defendants in some material manner had the

7          authority to hire and fire Plaintiff; controlled Plaintiff's hours of work and work

8          conditions; determined Plaintiff's rate and method of compensation, and; maintained

9
10         Plaintiff's employment records;

11   22.   During the period of Plaintiff's employment, Plaintiff worked in a non-exempt

12         occupation for purposes of overtime pay;

13   23.   During the period of Plaintiffs employment, Defendants knowingly caused, suffered,

14         and permitted Plaintiff to regularly work in excess of forty hours per week without

15         paying Plaintiff and others similarly situated one and one-half times their wages as

16         overtime compensation;

17   24.   Defendants violated the FLSA, 29 U.S.C. §207(a)(1) by failing to pay Plaintiff

18         overtime wages. The violation was willful;

19   25.   As a direct and proximate result of Defendants' failure to pay overtime wages under

20         the FLSA, Plaintiff has incurred special damages in the form of loss of wages.

21
22   26.   As a direct and proximate result of Defendant's failure to pay proper wages under the

23         FLSA, Plaintiff and others similarly situated are entitled to their overtime wages, an

24         additional and equal amount in liquidated damages, and other penalties pursuant to 29

25         U.S.C. §216(b);

27.  The conduct of Defendants, and each of them, was willful, intentional, oppressive, fraudulent, and done without regard to the rights of Plaintiff.  Therefore, Plaintiff is entitled to an award of exemplary damages;

THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER

## FOURTH CAUSE OF ACTION
### (Non-Payment of Wages On Regular Pay Periods)
### (FLSA)
### (As to All Defendants)

28.  Plaintiffs incorporate those paragraphs 1 through 27, inclusive, as if fully set forth hereinafter;

29.  During the period of Plaintiff's employment, Defendants knowingly caused, suffered, and permitted Plaintiff to work without paying Plaintiff the agreed upon earned compensation and bonuses at regular and routine pay periods and upon separation of employment, in violation of the FLSA, 29 U.S.C. 201, et seq.;

30.  As a direct and proximate result of Defendants' failure to pay wages under the FLSA on regular and routine pay periods and at separation of employment, Plaintiff has incurred special damages in the form of loss of wages;

31.  The Defendants were aware of the existence and requirements of the FLSA and intentionally disregarded that law;

32.  As a direct and proximate result of Defendant's failure to pay proper wages under the FLSA, Plaintiff and others similarly situated are entitled to their wages and bonuses, an additional and equal amount in liquidated damages, and other penalties pursuant to 29 U.S.C. §216(b);

33.    The conduct of Defendants, and each of them, was willful, intentional, oppressive, fraudulent, and done without regard to the rights of Plaintiff.  Therefore, Plaintiff is entitled to an award of exemplary damages;

THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER

1. For general and compensatory damages according to proof;

2. For special damages according to proof;

3. For attorney fees for the Second through Fourth Causes of Action according to proof;

4. For liquidated damages under the FLSA for the Fourth and Fifth Causes of Action;

5. For penalties and interest, including pre-judgment interest;

6. For exemplary damages;

7. For costs of suit;

8. For such other and further relief as this court deems appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES.**

Dated: January 30, 2008

Law Offices of Robert David Baker
Robert David Baker, Esq.
Attorney for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ROBERT DAVID BAKER, ESQ. #87314<br>ROBERT DAVID BAKER, INC.<br>1611 THE ALAMEDA<br><br>SAN JOSE, CA 95126<br>TELEPHONE NO.: 408 292-8555   FAX NO.: 408 292-0703<br>ATTORNEY FOR (Name): JAGDISH SINGH | *ENDORSED*<br>FILED<br><br>JAN 31 08<br><br>KIRI TORRE<br>CHIEF EXEC. OFFICER/CLERK<br>SUPERIOR COURT<br>COUNTY OF SANTA CLARA<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 NORTH FIRST STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN JOSE, CA 95113
BRANCH NAME: SANTA CLARA COUNTY SUPERIOR COURT

CASE NAME: SINGH V. OLD OAK BOTTLE SHOP; ET AL.

| CIVIL CASE COVER SHEET<br>[X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER:<br>1 0 8 C V 1 0 4 6 5 6 |
|---|---|---|
| | | JUDGE: |
| | | DEPT: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812 )**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not   complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
 b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve     in other counties, states, or countries, or in a federal court
 c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought (check all that apply):
 a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): 4/Non-payment overtime;regular pay periods;
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)
Date: JANUARY 30, 2008

ROBERT DAVID BAKER, ESQ. #87314
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 201.8(c) and 227 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 1800 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)-Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case-Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential.)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rule 1800-1812)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

**CIVIL LAWSUIT NOTICE**

ATTACHMENT CV-5012

CASE NUMBER: __108CV104656__

Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

| READ THIS ENTIRE FORM |
|---|

*PLAINTIFFS* (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons,* an *Alternative Dispute Resolution (ADR) Information Sheet,* and a copy of this *Civil Lawsuit Notice,* and you must file written proof of such service.

---

**DEFENDANTS** (The person(s) being sued): **You must do each of the following to protect your rights:**

1. **You must file a written response to the *Complaint,* in the Clerk's Office of the Court, within 30 days** of the date the *Summons* and *Complaint* were served on you;
2. **You must send a copy of your written response to the plaintiff; and**
3. **You must attend the first Case Management Conference.**

   **Warning: If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.*

| |
|---|
| Your Case Management Judge is: **Kevin J Murphy**    Department: **22** |
| The 1st CMC is scheduled for: (Completed by Clerk of Court) |
| Date: **JUN 2 4 2008**   Time: **3:00 PM**  in Department **22** |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) |
| Date: _____   Time: _____  in Department _____ |

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 07/01/07

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

<    **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

<    **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

<    **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

<    **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

<    **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

<    **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

<    Mediation may be appropriate when:
    <    The parties want a non-adversary procedure
    <    The parties have a continuing business or personal relationship
    <    Communication problems are interfering with a resolution
    <    There is an emotional element involved
    <    The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

CV-5003 REV 5/06

< **Arbitration** is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties. The parties can agree to binding or non-binding arbitration. Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator. If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
< The action is for personal injury, property damage, or breach of contract
< Only monetary damages are sought
< Witness testimony, under oath, is desired
< An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

< **Neutral evaluation** is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome. The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
< The parties are far apart in their view of the law or value of the case
< The case involves a technical issue in which the evaluator has expertise
< Case planning assistance would be helpful and would save legal fees and costs
< The parties are interested in an injunction, consent decree, or other form of equitable relief

< **Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

< **Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

*Contact:*
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2704
408-882-2530

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

1  RONALD A. PETERS, Bar No. 169895
   LITTLER MENDELSON
2  A Professional Corporation
   50 West San Fernando Street
3  15th Floor
   San Jose, CA 95113.2303
4  Telephone:   408.998.4150
   Facsimile:   408.288.5686
5  E-Mail:  rpeters@littler.com

6  Attorneys for Defendants
   OLD OAK BOTTLE SHOP; RADHAKA HAZRA;
7  DALIA HAZRA; SAJAL KUMAR KONDU

M. Rosales

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10

   JAGDISH SINGH;                        Case No.  1-08-CV-104656
11
                Plaintiffs,              **GENERAL DENIAL AND AFFIRMATIVE**
12                                       **DEFENSES**

13       v.

   OLD OAK BOTTLE SHOP; RADHAKA
14 HAZRA; DALIA HAZRA; SAJAL
   KUMAR KONDU; AS INDIVIDUALS,
15 AND DOES 1-20;

16              Defendants.

17

18          OLD  OAK  BOTTLE  SHOP;  RADHAKA  HAZRA;  DALIA  HAZRA;  SAJAL

19 KUMAR KONDU ("Defendants"), by and through their attorneys of record, Littler Mendelson, A

20 Professional Corporation, answers Plaintiff's unverified Complaint for Damages, (the "Complaint")

21 as follows:

22          Defendants  deny  each  and  every  allegation  of  Plaintiffs'  unverified  Complaint

23 pursuant to Code of Civil Procedure section 431.30(d) and deny that Plaintiff has been damaged in

24 the manner alleged as a result of any alleged act or omission of Defendants or any of them.

25                           **AFFIRMATIVE DEFENSES**

26          Defendants also assert the following affirmative defenses to the causes of action in

27 the Plaintiff's Complaint:

28

LITTLER MENDELSON
Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

1    **FIRST AFFIRMATIVE DEFENSE**

2          1.     As a first, separate and distinct affirmative defense to the Complaint,

3    Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action upon

4    which relief may be granted.

5    **SECOND AFFIRMATIVE DEFENSE**

6          2.     As a second, separate and distinct affirmative defense to the Complaint,

7    Defendants allege that the Complaint and each cause of action set forth therein are barred by the

8    doctrine of unclean hands.

9    **THIRD AFFIRMATIVE DEFENSE**

10          3.     As a third, separate and distinct affirmative defense to the Complaint,

11    Defendants allege that the Complaint and each cause of action set forth therein are barred by the

12    doctrine of waiver.

13    **FOURTH AFFIRMATIVE DEFENSE**

14          4.     As a fourth, separate and distinct affirmative defense to the Complaint,

15    Defendants allege that the Complaint and each cause of action set forth therein are barred by the

16    doctrine of estoppel.

17    **FIFTH AFFIRMATIVE DEFENSE**

18          5.     As a fifth, separate and distinct affirmative defense to the Complaint,

19    Defendants allege that the Complaint and each cause of action set forth therein are barred by the

20    doctrine of laches.

21    **SIXTH AFFIRMATIVE DEFENSE**

22          6.     As a sixth, separate and distinct affirmative defense to the Complaint,

23    Defendants allege that the Complaint and each cause of action set forth therein are barred by the

24    doctrine of consent.

25    **SEVENTH AFFIRMATIVE DEFENSE**

26          7.     As a seventh, separate and distinct affirmative defense to the Complaint,

27    Defendants allege that Plaintiff failed to exercise reasonable and ordinary care, caution or prudence

28

ITTLER MENDELSON
Professional Corporation
0 West San Fernando Street
15th Floor
San Jose CA 95113 2303
408 998 4150

2.

1    and that the alleged injuries and damages, if any in fact were suffered, were proximately caused

2    and/or contributed to by Plaintiff's own conduct.

3    **EIGHTH AFFIRMATIVE DEFENSE**

4        8.    As a eighth, separate and distinct affirmative defense to the Complaint,

5    Defendants allege that even if Plaintiff has suffered damages, all or some of said damages were

6    caused by or attributable to Plaintiff's own failure to mitigate damages.

7    **NINTH AFFIRMATIVE DEFENSE**

8        9.    As a ninth, separate and distinct affirmative defense to the Complaint,

9    Defendants allege that, if Plaintiff has suffered any emotional distress (and Defendants deny that

10   Plaintiff has suffered any such distress), Plaintiff contributed to his own distress and, by reason of

11   his contribution, any remedy to which he might otherwise be entitled must be denied or reduced

12   accordingly.

13   **TENTH AFFIRMATIVE DEFENSE**

14       10.    As a tenth, separate and distinct affirmative defense to the Complaint,

15   Defendant alleges that the Complaint and each cause of action set forth therein are barred in whole

16   or in part by the applicable statutes of limitations including, but not limited to, California Code of

17   Civil Procedure sections 337, 338, 339, 340 and/or 343, and/or section 12960 and/or 12965(b) of the

18   California Government Code and/or section 17208 of the Business and Professions Code.

19   **ELEVENTH AFFIRMATIVE DEFENSE**

20       11.    As a eleventh, separate and distinct affirmative defense to the Complaint,

21   Defendants allege that any recovery to which Plaintiff might otherwise allegedly be entitled must be

22   offset by any disability or unemployment benefits and/or other monies and/or benefits Plaintiff has

23   received or will receive.

24   **TWELFTH AFFIRMATIVE DEFENSE**

25       12.    As a twelfth, separate and distinct affirmative defense to the Complaint,

26   Defendants allege that Plaintiff has failed to state facts sufficient to entitle him to costs of suit

27   incurred herein and/or an award of attorneys' fees.

28   ///

ITTLER MENDELSON
A Professional Corporation
3 West San Fernando Street
15th Floor
San Jose, CA 95113-2303
408.998.4150

3.

GENERAL DENIAL AND AFFIRMATIVE DEFENSES

1  **THIRTEENTH AFFIRMATIVE DEFENSE**

2      13.    As a thirteenth, separate and distinct affirmative defense to the Complaint,

3  Defendants allege that the Complaint and each cause of action set forth therein cannot be maintained

4  against Defendants because, without admitting the existence of any duties or obligations as alleged

5  in the Complaint, Defendants have fully performed, satisfied or discharged any obligations which

6  Plaintiff claims are owed by Defendants.

7  **FOURTEENTH AFFIRMATIVE DEFENSE**

8      14.    As a fourteenth, separate and distinct affirmative defense to the Complaint and

9  without admitting that Plaintiff is entitled to any recovery, Defendants allege that its liability, if any,

10  for non-economic damages is several only and not joint, pursuant to California Civil Code section

11  1431.2.

12  **FIFTEENTH AFFIRMATIVE DEFENSE**

13      15.    As a fifteenth, separate and affirmative defense, Defendants allege that the

14  Complaint and each cause of action set forth therein cannot be maintained because any duties or

15  obligations, contractual or otherwise, which Plaintiff claims are owed by Defendants, are contrary to

16  express provisions of law.

17  **SIXTEENTH AFFIRMATIVE DEFENSE**

18      16.    As an sixteenth, separate and affirmative defense to the Complaint and each

19  cause of action therein, Defendants allege that Plaintiff's Complaint fails to state facts sufficient to

20  state a claim for economic damages and/or general and/or compensatory damages, including but not

21  limited to, loss of wages.

22  **SEVENTEENTH AFFIRMATIVE DEFENSE**

23      17.    As an seventeenth, separate and affirmative defense to the Complaint and each

24  cause of action therein, Defendants allege that to the extent that Plaintiff seeks special damages, if

25  any, Plaintiff fails to allege special damages with sufficient particularity.

26  ///

27  ///

28  ///

ITTLER MENDELSON
Professional Corporation
: West San Fernando Street
15h Floor
San Jose CA 95113 2303
408 988 4150

4.

1

### EIGHTEENTH AFFIRMATIVE DEFENSE

2      18.    As an eighteenth, separate and affirmative defense to the Complaint and each

3   cause of action therein, Defendants allege that Plaintiff's claim for actual damages is unsupported by

4   the facts in this case.

5

### NINETEENTH AFFIRMATIVE DEFENSE

6      19.    As a nineteenth, separate and affirmative defense, Defendants allege that

7   Plaintiff's claims for damages are barred by the doctrine of avoidable consequences.

8

### TWENTIETH AFFIRMATIVE DEFENSE

9      20.    As a twentieth, separate and affirmative defense, Defendants allege that

10  Plaintiff's Complaint and each cause of action therein, or some of them, are barred because there

11  exists a bona fide dispute as to whether further compensation is actually due to Plaintiff and, if so, as

12  to the amount of such further compensation.

13

### TWENTY-FIRST AFFIRMATIVE DEFENSE

14     21.    As a twenty-first, separate and affirmative defense, Defendants allege that

15  they had insufficient knowledge or information upon which to form a belief as to whether it may

16  have additional, as yet unstated, separate defenses available.  Defendants reserve the right to amend

17  this Answer to add, delete, or modify defenses based upon legal theories, which may or will be

18  divulged through clarification of Plaintiff's vague Complaint, through discovery, or through further

19  legal analysis of Plaintiff's positions in this litigation.

20

### PRAYER FOR RELIEF

21  WHEREFORE, Defendants pray for judgment as follows:

22      1.    That Plaintiff take nothing by his Complaint;

23      2.    That Plaintiff's demand for injunctive relief be denied;

24      3.    That Plaintiff's demand for equitable relief be denied;

25      4.    That Plaintiff's Complaint be dismissed in its entirety with prejudice;

26  ///

27  ///

28  ///

ITLER MENDELSON
PROFESSIONAL CORPORATION
West San Fernando Street
15th Floor
an Jose, CA 95113 2303
408 998 4150

1          5.      That Plaintiff be ordered to pay Defendants' fees and costs of suit incurred in

2  defending this action; and

3          6.      For such other and further relief as the Court may deem just and proper.

4

5  Dated: June 2, 2008

6

7

8                                     RONALD A. PETERS

9                                    LITTLER MENDELSON
                                    A Professional Corporation

10                                 Attorneys for Defendants
                                 OLD OAK BOTTLE SHOP; RADHAKA

11                                 HAZRA; DALIA HAZRA; SAJAL KUMAR
                                 KONDU

12  Firmwide:85403599.1 051663.1000

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TTLER MENDELSON
Professional Corporation
West San Fernando Street
19th Floor
aP Jose CA 95113 2303
404 998 4150

6.

GENERAL DENIAL AND AFFIRMATIVE DEFENSES

# PROOF OF SERVICE BY MAIL

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 50 West San Fernando Street, 15th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On June 2, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

GENERAL DENIAL AND AFFIRMATIVE DEFENSES

M. Rosales

in a sealed envelope, postage fully paid, addressed as follows:

Robert David Baker, Esq.
Robert David Baker, Inc.
1611 The Alameda
San Jose, CA 95126

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 2, 2008, at San Jose, California.

Pauline R. Lopez

Firmwide:85405601.1 051663.1000

TTLER MENDELSON
Professional Corporation
West San Fernando Street
15th Floor
an Jose CA 95113 2303
408 998 4150

PROOF OF SERVICE

1

## PROOF OF SERVICE BY MAIL

2    I am employed in Santa Clara County, California. I am over the age of eighteen years

3  and not a party to the within-entitled action. My business address is 50 West San Fernando Street,

4  15th Floor, San Jose, California 95113.2303. I am readily familiar with this firm's practice for

5  collection and processing of correspondence for mailing with the United States Postal Service. On

6  June 3, 2008, I placed with this firm at the above address for deposit with the United States Postal

7  Service a true and correct copy of the within document(s):

8    NOTICE OF FILING AND REMOVAL
     NOTICE TO STATE COURT AND ADVERSE PARTY OF
9    REMOVAL OF CIVIL ACTION TO FEDERAL COURT
     NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C.
10   §1441(B) (FEDERAL QUESTION)
     PURSUANT TO 28 U.S.C. § 1441(B) (FEDERAL QUESTION)
11   WITH EXHIBITS 1 AND 2

12    in a sealed envelope, postage fully paid, addressed as follows:

13   Robert David Baker, Esq.
     Robert David Baker, Inc.
14   1611 The Alameda
     San Jose, CA 95126
15

16    Following ordinary business practices, the envelope was sealed and placed for

17  collection and mailing on this date, and would, in the ordinary course of business, be deposited with

18  the United States Postal Service on this date.

19    I declare under penalty of perjury under the laws of the State of California that the

20  above is true and correct.

21    Executed on June 3, 2008, at San Jose, California.

22

23                                             Pauline R. Lopez

24   Firmwide:85406241.1 051663.1000

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

**CIVIL COVER SHEET**

JS 44 (Rev. 12/07) (cand rev 1-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Jagdish Singh

**DEFENDANTS**
Old Oak Bottle Shop, Radhaka Hazra, Dalia Hazra, Sajal Kumar Kondu

**(b)** County of Residence of First Listed Plaintiff Santa Clara County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Santa Clara County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert David Baker, Esq.
Robert David Baker, Inc.
1611 The Alameda
San Jose, CA 95126
T: 408.292.8555

Attorneys (If Known)
Ronald Peterson, Esq.
Littler Mendelson
50 West San Fernando Street, 15th Fl.
San Jose, CA 95113
T: 408.998.4150

ADR

C 08 02760 HRL

E-FILING

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | | [ ] 480 Consumer Credit |
| | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [X] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1367(a) and 1441(c)

Brief description of cause:
Wage and overtime causes of action

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

American LegalNet, Inc.
www.FormsWorkflow.com

IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)                    ☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

DATE                                    SIGNATURE OF ATTORNEY OF RECORD
June 3, 2008

American LegalNet, Inc.
www.FormsWorkflow.com